# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ERVIN MINCEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV613-026 |
| | ) | CR605-031 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ervin Mincey has submitted for filing a placeholder 28 U.S.C. § 2255 motion attacking his 2005 conviction for distribution of controlled substances. (Doc. 1). He asks the Court to treat the motion as a timely filed motion under § 2255(f)(3) so that he can attack his lawyer's effectiveness under "Frye vs. Missouri." Although he has not offered a case citation, he apparently refers to *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which clarified that the Sixth Amendment right to effective representation imposes a duty on defense counsel to communicate formal plea offers that may be favorable to the accused. *Id.* at 1408. According to the Eleventh Circuit, *Frye* did not announce newly recognized, retroactive rights under 28 U.S.C. § 2255(h)(2) (which would mandate certification

for the review of a second or successive 2255 motion). *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). Hence, *Frye* also fails to restart the limitations period under 2255(f)(3), which grants a new one-year clock for the same reasons. *Herrera v. United States*, 2013 WL 1010618 at *2 (N.D. Ga. Feb. 22, 2013). And even if *Frye* did restart the clock, Mincey should have been able to file a well-supported § 2255 motion within the year following the *Frye* opinion asserting that his counsel had failed to tender a favorable plea offer from the prosecution.

In any event, this is Mincey's *third* § 2255 motion.[1] As such, Mincey is required to seek an order from Eleventh Circuit authorizing this Court to consider his application. 28 U.S.C. § 2244(b)(3)(A) (imposing a bar against successive § 2255 motions absent appellate court approval); *see* 28 U.S.C. § 2255(h) (referencing the § 2244 certification requirement).[2] Since *Frye* does not warrant a new one-year limitations period under §

---

[1] *See Mincey v. United States*, No. CV609-003 (S.D. Ga. Oct. 12, 2010) (denied on the merits); *Mincey v. United States*, No. CV612-046 (S.D. Ga. Jan. 8, 2013) (denied as successive).

[2] He also notes that he is attacking prior state convictions. So long as he has diligently pursued the vacatur of those convictions, the "fact" of a vacatur will re-start the one year § 2255(f)(4) clock, and it will survive the 28 U.S.C. § 2244(b) bar against successive motions. *See Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) (applying *Johnson v. United States*, 544 U.S. 295 (2005)). He need not file a placeholder motion to preserve his right to file a § 2255 based on a state vacatur.

2255(f)(3), and since this motion is successive, Mincey's placeholder § 2255 motion should be **DISMISSED**.

Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __22nd__ day of May, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA